IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | |
|---|---|
| ESTATE OF JERMAINE ISAAC CARPENTER and ELISHA CARPENTER, | ) ) ) ) EQUITY NO. 105264 |
| Plaintiffs, | ) ) ) |
| v. | ) ) PETITION AT LAW |
| GOODYEAR TIRE AND RUBBER COMPANY, | ) ) ) |
| Defendant. | ) |

COMES NOW, the Estate of Jermaine Isaac Carpenter, by the Executor, Elisha Carpenter, and Elisha Carpenter individually and on behalf of the children of Jermaine Isaac Carpenter and through and by her attorneys, and for their cause of action state:

### COUNT I
### STRICT LIABILITY

1. At all times relevant hereto, Jermaine Isaac Carpenter and Elisha Carpenter are husband and wife and each reside in Scott County, Iowa.

2. At all times relevant hereto, the following are the three minor children of Jermaine Isaac Carpenter and each reside in Scott County, Iowa: Nyla Carpenter, Aaliyah Carpenter and Jermaine Carpenter.

3. On or about August 5, 2004, Jermaine Isaac Carpenter was working at FirstCo. in Scott County, Iowa at its plant located at 268 E. 90th St., Davenport, Scott County, Iowa.

4. At all times relevant hereto, Goodyear Tire and Rubber Company (hereinafter "Goodyear") was a corporation doing business in Scott County, Iowa and placed its tires into the interstate stream of commerce and had them physically located at the FirstCo. plant in



Davenport, Scott County, Iowa.

5. Goodyear designed, made, manufactured, supplied, sold and put into the stream of commerce for the use by other persons farm implement tires, including one which damaged Jermaine Carpenter, and identified as a Dynatorque II.

6. The Goodyear tire was defective in design, fabrication and manufacture, and was unreasonably dangerous to the user or consumer when it was used in a reasonably foreseeable manner, and it was defective when Goodyear had possession or control of the tire and/or when it left the hands of Goodyear.

7. Jermaine Carpenter was a person who was reasonably expected to be a user, within the meaning of the law, of the Goodyear tire, and he did so in a reasonable and foreseeable manner or in a manner for which it was reasonably expected to be used.

8. On August 5, 2004, while Jermaine Carpenter was attempting to put air in the Goodyear tire, it suddenly and without warning exploded uplifting him and the tire and the tire rim many feet into the air causing him injury and death.

9. The Goodyear tire was unsafe and dangerous, failed to perform in a manner reasonable expected, or was not reasonably fit for its ordinary purpose or was otherwise defective.

10. The defects in the Goodyear tire were a proximate cause of the physical injury and death of Jermaine Carpenter.

11. As a result of Jermaine Carpenter's untimely death, he, his estate, and his wife and children were damaged and have sustained loss and injury, which loss include, but are not limited to, the following: loss of value of the estate and accumulation thereof; medical expenses; loss of interest on premature burial and funeral; pain and suffering loss of function; loss of spousal

consortium including loss of love, affection, society, companionship, aid and financial support; and loss of parental consortium including loss of love, affection, society, companionship, aid and financial support to his children.

12. Goodyear was willful, wanton or reckless in its action and for which it should pay punitive damages.

WHEREFORE, the Estate of Jermaine Isaac Carpenter and Elisha Carpenter as Executor, individually and as mother of and on behalf of Jermaine Isaac Carpenter's children pray for judgment against Goodyear Tire and Rubber Company in a full and fair amount to reasonably and properly compensate each of them for all of the loss and injury sustained, and for punitive damages, and interest as provided by law and court costs.

## COUNT II
## NEGLIGENCE

1-12. The allegations and statements made in paragraph 1-12 of Count I are restated and incorporated herein by this reference as paragraph 1-12 of Count II as if fully set forth herein.

13. Goodyear was negligent or failed to exercise reasonable care which lack of care includes but is not limited to the following:

    a.    Failed to fully, fairly and properly give warning;

    b.    Failed to exercise reasonable care in the design, making, fabrication, manufacturing, inspection and testing of the wheel;

    c.    Failed to remove/recall the wheel in a timely manner from the stream of commerce;

    d.    Failed to properly instruct Jermaine Carpenter on its safe operation or use;

    e.    Breached implied warranties, merchantability and fitness.

WHEREFORE, the Estate of Jermaine Isaac Carpenter and Elisha Carpenter as Executor,

individually and as mother of and on behalf of Jermaine Isaac Carpenter's children pray for judgment against Goodyear Tire and Rubber Company in a full and fair amount to reasonably and properly compensate each of them for all of the loss and injury sustained, and for punitive damages, and interest as provided by law and court costs.

BUSH, MOTTO, CREEN & KOURY, P.L.C.

By: _____
Joseph C. Creen

By: _____
Michael K. Bush
5505 Victoria Avenue, Ste. 100
Davenport, Iowa 52807
Telephone: 563/344-4900
Facsimile: 563/344-8961

ATTORNEYS FOR PLAINTIFFS